IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MUJAAHIDA MALI RASHEEDAH
BINT DUFFY,

        Plaintiff,

v.                                CASE NO. 1:15-cv-39-MW-GRJ

TIMOTHY W LIEZERT,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff has also filed a motion to proceed *in forma pauperis*, which after review, the Court concludes is due to be granted. The Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which authorizes the Court to review proceedings conducted *in forma pauperis* and to dismiss a complaint that is frivolous, malicious, or fails to state a claim against which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.   For the reasons summarized below, the Court recommends that the complaint be dismissed for lack of jurisdiction over the claims.

## I. Plaintiff's Allegations

Plaintiff's complaint involves a settlement agreement between her and the Department of Veteran's Affairs Medical Center in Portland.  She attaches[1] part of the

---

[1] When determining whether a complaint fails to state a claim, the court considers both the pleadings and exhibits attached thereto.  *See* Fed. R. Civ. P.

settlement agreement, wherein the VA agrees to place a flag in her medical records, which is a crisis note that states:

> "Veteran shall be described as female in all written and verbal communications. She is medically and legally a hypogonadal female. All notes should be consistent with this. For questions, contact Bruce Graunke, Ph.D., 63843 or Gordon Starkebaum, MS, Chief of Staff."

The settlement agreement also provides for a release of all claims from Plaintiff against the Department of Veteran's Affairs as a whole.

Plaintiff files the instant lawsuit against Thomas Liezert, the director of the Orlando VA Medical Center. She alleges that on March 3, 2015, he refused to post the crisis note on her medical records, as required by the settlement agreement. She further claims that he refuses to assign and list two points of contact in the crisis note, which is necessary because the points of contact are responsible for ensuring that the contract is followed. She requests enforcement of the settlement and identification of a point of contact in the crisis note, as well as recovery of any costs incurred by filing this lawsuit. (Doc. 1 at 3-5.)

## II. Standard of Review

If a litigant fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

---

12(b)(6); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228 (11th Cir. 2000).

action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (*Twombly* "expounded the pleading

standard for all civil actions," and conclusory allegations that "amount to nothing more

than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled

to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to

move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license .

. . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an

action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir.1998)(*overruled on other grounds* by *Iqbal*).

### III.  Discussion

This action marks the second civil lawsuit filed by Plaintiff this month in this Court

concerning the procedures of the Department of Veterans' Affairs ("the VA").  The Court

also notes that two years previously, Plaintiff filed a nearly identical lawsuit in the

Pensacola Division[2] of this Court, alleging that the same settlement agreement between

her and the VA was violated because the VA employees failed to provide a "point of

contact" to whom she may direct her grievances and failed to address her complaints

---

[2]*See Renfro v. Shinseki*, No. 3:13-cv-38-MCR-EMT (N.D. Fla. May 24, 2013).
Plaintiff's claim concerned the settlement agreement that she challenges in the instant
suit, and she listed eighteen different Defendants that worked for the VA .  Plaintiff
claimed that the Defendants had not only violated the settlement agreement, but also
violated her civil rights (including her right to due process, right to equal protection, and
right to be free from cruel and unusual punishment, among others).  In that case, the
Court dismissed Plaintiff's action for lack of subject matter jurisdiction, because the
VJRA, 38 U.S.C. § 511, creates an exclusive review procedure for the resolution of
veterans' disputes.  The Court also dismissed her breach of contract claim because it
was not reviewable in this Court.

regarding their failure to honor the settlement agreement with respect to her medical

records.  At this point, Plaintiff is well aware that this Court is not the proper avenue to

litigate her claims against the VA.

This Court lacks subject matter jurisdiction over claims involving VA benefits or

procedures.  These claims are governed by The Veterans Judicial Review Act ("VJRA"),

38 U.S.C. § 511(a), which provides in relevant part that:

> The Secretary shall decide all questions of law and fact necessary to a decision
> by the Secretary under a law that affects the provision of benefits by the
> Secretary to veterans or the dependents or survivors of veterans.  Subject to
> subsection(b), the decision of the Secretary as to any such question shall be final
> and conclusive and many not be reviewed by any other official or by any court,
> whether by an action in the nature of mandamus or otherwise.

The VJRA creates an exclusive review procedure for resolving veterans' benefits

disputes.  The VJRA also broadly divests federal courts of jurisdiction to review

constitutional claims related to VA benefits and procedures.  *Hall v. U.S. Dep't*

*Veterans' Affairs*, 85 F.3d 532, 535 (11th Cir. 1996)(*per curiam*); *Cheves v. Dep't of*

*Veterans Affairs*, 227 F. Supp. 2d (M.D. Fla. 2002)(VJRA precluded review of due

process and equal protection claims in connection with VA's alleged failure to inform

veteran of his right to appeal his disability rating and denial of benefits); *Zuspann v.*

*Brown,* 60 F.3d 1156, 1159-60 (5th Cir. 1995)(veteran's claim that VA employees

denied him adequate medical in violation of the Due Process Clause was a challenge to

the VA's decision to deny him benefits, over which the district court lacked subject

matter jurisdiction); *McCulley v. U.S. Dep't of Veterans Affairs*, 851 F. Supp. 1271 (E.D.

Wis. 1994)(district court lacked subject matter jurisdiction over claim that VA denied him

equal protection); *Lee v. United States*, 2007 WL 564179, at *3 (M.D. Ala. Feb. 20,

2007)(plaintiff's claim centering around the VA's decision to bar him from the hospital was, in essence, a denial of medical and hospital benefits precluded from review by the VJRA); *Hassan v. U.S. Dep't of Veterans Affairs*, 137 F. App'x 418 (2d Cir. 2005)(plaintiff's challenge to his expulsion from VA under the First and Fourteenth Amendments was barred from review under the VJRA).

In this case, although Plaintiff couches her claim in constitutional terms of "due process" and "equal protection," her claim, in essence, challenges the VA's provision of medical care and VA procedures.  Pursuant to the VJRA, the Court does not have jurisdiction to entertain nonfacial constitutional challenges to the VA's provision of benefits or to the general VA procedures. *McCulley*, 851 F. Supp. at 1271. Consequently, Plaintiff's constitutional claims are due to be dismissed for lack of subject matter jurisdiction.[3]

Furthermore, Plaintiff has also failed to establish jurisdiction for her breach of contract claims against the VA.  A settlement agreement with a federal agency is a government contract, for purposes of jurisdictional analysis.  *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975); *Shaffer v. Veneman*, 325 F.3d 370, 372 (D.D.C. 2003).  To establish jurisdiction, a plaintiff must show (1) that the Court has subject matter jurisdiction over the dispute, (2) that the United States has waived sovereign

---

[3]To the extent that Plaintiff argues that she is not challenging a decision regarding her VA benefits but instead is bringing a constitutional claim pursuant to *Bivens*, Plaintiff's claim still would be deficient.  The equitable relief Plaintiff seeks is unavailable through a *Bivens* action when, as here, Congress has expressed its intent to preclude plaintiffs from supplementing statutory remedies like the VJRA with separate suits at equity.  *Zuspann*, 60 F.3d at 1160-61; *Renfro v. Shinseki*, 2013 WL 2292026 (N.D. Fla. May 24, 2013).

immunity for suits of that kind, and (3) that the United States has consented to be sued in that particular court. *Wright v. Foreign Service Grievance Bd.*, 503 F.Supp.2d 163, 178 (D.D.C. 2007)(citations omitted).

Both the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), waive sovereign immunity for contract claims against the United States. *U.S. v. Mitchell*, 463 U.S. 206, 216 (1983).  Both of these statutes, however, have long been construed as authorizing only actions for monetary judgments, not suits for equitable relief against the United States.[4]  *Richardson v. Morris*, 409 U.S. 464 (1973); *U.S. v. Jones*, 131 U.S. 1, (1889).

Plaintiff's settlement agreement with the VA only contemplates injunctive relief. The district court in Washington, which presided over the case that resulted in the settlement agreement, found that the settlement agreement required the VA to place a crisis note in her medical records concerning her gender.  *Duffy v. United States of America*, No. 3:01-cv-5440-RBL, Order (W.D. Wash. Nov. 10, 2011).  The settlement agreement does not contain provisions relating to monetary damages.  Accordingly, Plaintiff cannot bring a breach of contract claim that contemplates injunctive relief pursuant to the waiver of sovereign immunity in either the Tucker Act or Little Tucker Act.

---

[4] The reasoning behind this construction centers on the Tucker Act's grant of jurisdiction to district courts that is concurrent with the jurisdiction of the Court of Claims.  The Court of Claims cannot grant equitable relief.  *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962).  Accordingly, the authority given to district courts only extends to suits that may be maintained in the Court of Claims.  *United States v. Sherwood*, 312 U.S. 584, 591 (1941).

Plaintiff provides no other authority for waiver of sovereign immunity for her breach of contract claim against the VA.[5]  Because the United States has not waived its sovereign immunity for suits of this nature, Plaintiff's claim for breach of contract cannot be reviewed in this Court.

## IV. Recommendation

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** because the Court does not have subject matter jurisdiction over Plaintiff's constitutional claims pursuant to 38 U.S.C. § 511.  Additionally, Plaintiff has failed to show that her breach of contract claim against the VA is reviewable in this court and, therefore, this action must be dismissed for lack of jurisdiction.

**IN CHAMBERS**  this 30th day of March 2015.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14**

---

[5] While the Administrative Procedure Act provides for a limited waiver of sovereign immunity for suits challenging agency actions seeking "relief other than money damages," 5 U.S.C. § 702, the APA limits this waiver to agency actions "for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  As discussed, a statutory review scheme exists for claims against the Department of Veterans' Affairs, under the VJRA.  Therefore, waiver of sovereign immunity under the APA would not be viable in this case, even if raised by Plaintiff.

**days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**